IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SIMONE N. BLACKWELL,

      Plaintiff,                     No. CIV 08-1454 EFB

      vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.                 <u>ORDER</u>
                              /

      Pending before the court is plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1). Plaintiff seeks fees based on 2.9 hours in 2008 at the rate of $172.85 per hour for attorney time, 27.1 hours in 2009 at the rate of $172.24 per hour, and 2.25 hours in 2010 at the rate of $172.24 per hour, for a total amount of $5,556.50. Dckt. No. 27. Defendant contends that (1) plaintiff is not entitled to EAJA fees since defendant's position was substantially justified; (2) plaintiff cannot recover EAJA fees for work spent on issues not reached by the court, and (3) any EAJA fee award should be made payable to plaintiff and not to plaintiff's counsel. Dckt. No. 28.

I.      <u>Entitlement to EAJA Fees</u>

      The EAJA provides that a prevailing party other than the United States should be awarded fees and other expenses incurred by that party in any civil action brought by or against

1

the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust . . . directs the court to award a reasonable fee." 28 U.S.C. § 2412(d)(1). "[T]he 'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001) (citing 28 U.S.C. § 2412(d)(2)(D) and *Comm'r, INS v. Jean*, 496 U.S. 154, 159 (1990) (explaining that the "position" relevant to the inquiry "may encompass both the agency's prelitigation conduct and the [agency's] subsequent litigation positions")). Therefore, the court "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988). The burden of establishing substantial justification is on the government. *Gutierrez*, 274 F.3d at 1258 (9th Cir. 2001).

A position is "substantially justified" if it has a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988); *United States v. Marolf*, 277 F.3d 1156, 1160 (9th Cir. 2002). Substantially justified has been interpreted to mean "justified to a degree that could satisfy a reasonable person" and "more than merely undeserving of sanctions for frivolousness." *Underwood*, 487 U.S. at 565; *see also Marolf*, 277 F.3d at 161. The mere fact that a court reversed and remanded a case for further proceedings "does not raise a presumption that [the government's] position was not substantially justified." *Kali*, 854 at 335; *see also Lewis v. Barnhart*, 281 F.3d 1081, 1084-86 (9th Cir. 2002) (finding the defense of an ALJ's erroneous characterization of claimant's testimony was substantially justified because the decision was supported by a reasonable basis in law, in that the ALJ must assess the claimant's testimony and may use that testimony to define past relevant work as actually performed, as well as a reasonable basis in fact, since the record contained testimony from the claimant and a treating physician that cast doubt on the claimant's subjective testimony); *Le v. Astrue*, 529 F.3d 1200,

2

1201-02 (9th Cir. 2008) (finding that the government's position that a doctor the plaintiff had visited five times over three years was not a treating doctor, while incorrect, was substantially justified since a nonfrivolous argument could be made that the five visits over three years were not enough under the regulatory standard especially given the severity and complexity of plaintiff's alleged mental problems).

However, when the government violates its own regulations, fails to acknowledge settled circuit case law, or fails to adequately develop the record, its position is not substantially justified. *See Gutierrez*, 274 F.3d at 1259-60; *Sampson v. Charter*, 103 F.3d 918, 921-22 (9th Cir. 1996) (finding that the ALJ's failure to make necessary inquiries of the unrepresented claimant and his mother in determining the onset date of disability, as well as his disregard of substantial evidence establishing the same, and the Commissioner's defense of the ALJ's actions, were not substantially justified); *Flores v. Shalala*, 49 F.3d 562, 570, 572 (9th Cir. 1995) (finding no substantial justification where ALJ ignored medical report, both in posing questions to the VE and in his final decision, which contradicted the job requirements that the ALJ deemed claimant capable of performing); *Corbin v. Apfel*, 149 F.3d 1067, 1053 (9th Cir. 1998) (finding that the ALJ's failure to determine whether the claimant's testimony regarding the impact of excess pain she suffered as a result of her medical problems was credible, and whether one of her doctors' lifting restrictions was temporary or permanent, and the Commissioner's decision to defend that conduct, were not substantially justified); *Crowe v. Astrue*, 2009 WL 3157438, *1 (E.D. Cal. Sept. 28, 2009) (finding no substantial justification in law or fact based on ALJ's improper rejection of treating physician opinions without providing the basis in the record for so doing); *Aguiniga v. Astrue*, 2009 WL 3824077, *3 (E.D. Cal. Nov. 13, 2009) (finding no substantial justification in ALJ's repeated mischaracterization of the medical evidence, improper reliance on the opinion of a non-examining State Agency physician that contradicted the clear weight of the medical record, and improperly discrediting claimant's subjective complaints as inconsistent with the medical record).

Here, defendant contends that even though this court found that the ALJ erred in evaluating whether plaintiff's mental impairment met or equaled the criteria under mental retardation listing 12.05, 20 C.F.R. pt. 404, subpt. P, App. 1, § 12.05, the Commissioner was substantially justified in defending that decision. Dckt. No. 28 at 3. Defendant contends that there was a genuine dispute over whether the ALJ's listing findings were proper and the genuine dispute shows that the Commissioner was substantially justified in defending this case. *Id.* According to defendant, "the record before the ALJ included evidence that plaintiff had a semi-skilled work history, she engaged in identity theft, she could manage and pay her own bills and two expert doctors found that plaintiff was not mentally retarded according to listing 12.05, all of which provided ample support for the ALJ's listing analysis and the government's decision to defend that analysis." *Id.*

Although defendant is correct that the government can lose on the merits and its position still be substantially justified for purposes of EAJA, defendant's argument in this instance is unavailing. In reviewing the evidentiary record, briefing on the cross-motions for summary judgment, and the order granting remand in this case, the court has determined that defendant's position had no reasonable basis in either law or fact. The ALJ mistakenly concluded that in order to meet part C of Listing 12.05, plaintiff needed to have IQ series scores (plural) of 60 through 70, even though the regulations provided that only the lowest IQ score is used. The ALJ also erroneously concluded that there was no evidence in the record that plaintiff had subaverage general intellectual functioning with deficits in adaptive functioning manifested before age 22, even though there was ample evidence in the record supporting just that. The government's decision to defend the ALJ's conclusions, which did not have a reasonable basis in law or fact, thus was not substantially justified and fees under the EAJA will be awarded.

II.     Reasonableness of Fees Sought

An EAJA fee award must be reasonable. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). In determining whether a fee is reasonable, the court considers the hours expended,

4

the reasonable hourly rate, and the results obtained. *See Commissioner, INS v. Jean*, 496 U.S. 154 (1990); *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Atkins v. Apfel*, 154 F.3d 986 (9th Cir. 1998). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award, and charges that are not properly billable to a client are not properly billable to the government. *Hensley*, 461 U.S. at 434.

Here, defendant contends that because this court did not address issues that plaintiff raised other than the 12.05 issue, plaintiff cannot recover EAJA fees for time spent on those other issues. Dckt. No. 28 at 3 (citing *Hardisty v. Astrue*, 592 F.3d 1072, 1077 (9th Cir. 2010)).

In *Hardisty*, the Ninth Circuit reviewed the district court's denial of an EAJA fee petition. *Hardisty*, 529 F.3d 1072. The district court found that the government was substantially justified in its position on the issue for which the case had been remanded and therefore denied plaintiff's request for EAJA fees. *Id.* at 1075. On appeal, plaintiff argued that EAJA fees should have been awarded for time that plaintiff's attorney spent working on plaintiff's other arguments, even though the court did not address those arguments in remanding the case, since the government's position on those issues was not substantially justified. *Id.* at 1075-76. The Ninth Circuit held that the EAJA does not extend fee awards to "positions of the United States challenged by the claimant but unaddressed by the reviewing court." *Hardisty*, 529 F.3d at 1077. In so holding, the Circuit found that the district court did not need to consider plaintiff's other arguments in evaluating whether defendant's position was substantially justified; since the district court correctly determined that defendant's position on the issue that resulted in remand was substantially justified, it was proper for the court to deny plaintiff's entire EAJA fee request. *Id.*

Here, defendant argues that this court should extend *Hardisty* and limit plaintiff's fees to only hours spent on issues on which plaintiff prevailed. The court, however, declines to do so. *See Belcher v. Astrue*, 2010 WL 5111435, at *2-3 (E.D. Cal. Dec. 9, 2010); *see also Clingings v. Astrue*, 2010 WL 4168864, at *1 (D. Or. Oct. 20, 2010). The Circuit's decision in *Hardisty* was

5

based in part on the Supreme Court's command "that a request for attorney's fees should not result in a second major litigation." *Id*. at 1077-78 (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 609 (2001)). The Circuit noted that requiring the district court to determine whether the government's position on unadjudicated issues was substantially justified would put the court "in the position of conducting essentially de novo review of the entire case for purposes of the fee litigation, contrary to the command against 'spawn[ing] a second litigation' of the Supreme Court and to the far more streamlined 'substantial justification' review envisioned by the EAJA itself." *Id*. at 1078 (internal citations omitted). To require the court to limit plaintiff's EAJA fees to only hours spent on issues on which plaintiff prevailed, even though the court has determined that the government's position was not substantially justified, would impose on the court the very burden the Circuit sought to avoid in *Hardisty*.

"Moreover, extending *Hardisty* to the reasonableness analysis is both contrary to Supreme Court precedent and wholly unfeasible." *Belcher*, 2010 WL 5111435, at *3. In *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983), the Supreme Court explained that an attorney may not be entitled to an award for work on "distinctly different claims for relief that are based on different facts and legal theories." However, the Court recognized that some cases present a single claim for relief that involves a common core of facts and is based on related legal theories, and that in those cases, "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Hensley*, 461 U.S. at 435. The *Hensley* court indicated that rather than viewing those cases as containing a series of discrete claims, "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation" and "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.* "Social Security appeals are akin to a single claim for relief based on one set of facts and involving related legal theories." *Belcher*, 2010 WL 5111435, at *3.

6

"Indeed, at least in cases where there is a single claim for relief, i.e., a claim for Social Security benefits, attorneys are not likely to itemize their billing entries according to specific arguments. Defendant invites this Court to reduce the award proportionally to the amount of pages dedicated to briefing the issue upon which remand was based.  Doing so, or engaging in any other method for determining the amount of time spent on a single argument, would be speculative, at best." *Id.*  After reviewing the record and the work undertaken by counsel, this court declines to find that the hours spent by plaintiff's counsel were unreasonable.

III.     Payment to Plaintiff or Plaintiff's Counsel

Defendant further contends that any award under EAJA must be made payable to plaintiff, not to plaintiff's counsel.  Because plaintiff did not file a reply brief, plaintiff did not respond to this argument by defendant.

In *Astrue v. Ratliff*, 130 S. Ct. 2521, 2522 (2010), the Supreme Court held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States."  In *Ratliff*, the plaintiff's counsel was successful in plaintiff's Social Security benefits suit against the United States.  *Id*. Thereafter, the district court granted plaintiff's unopposed motion for fees under the EAJA.  *Id*. However, before paying the fee award, the government discovered that plaintiff owed the United States a debt that predated the award, and accordingly, the government sought an offset of that owed amount.  *Id*.  Plaintiff's counsel intervened and argued that the fees award belonged to plaintiff's counsel, and thus was not subject to offset for the litigant's federal debts.  *Id*.  The Supreme Court disagreed, finding that "Congress knows how to make fee awards payable directly to attorneys where it desires to do so," and because the fee was payable to a "prevailing party," Congress intended the fee to go to the litigant, and not the attorney.  *Id*. at 2527-29.

In light of *Ratliff*, plaintiff, as the prevailing litigant, would normally be awarded the fees described above, subject to any offset for applicable government debts.  However, plaintiff has assigned the right to receive the fees to her attorney, Dckt. No. 30-3, and defendant contends that

7

"[i]f Plaintiff does not owe a federal debt that qualifies for offset, then payment may be made in the name of the attorney based on the Government's discretionary waiver of the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727." Dckt. No. 31 at 5. This Court finds defendant's position to be reasonable and will therefore permit payment to plaintiff's counsel provided plaintiff has no government debt that requires offset. *See Calderon v. Astrue*, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010); *see also Castaneda v. Astrue*, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010) ("The Court concludes that in light of the assignment, the amount awarded herein, subject to any legitimate offset, should be paid directly to Plaintiff's counsel.").

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorney's fees, Dckt. No. 27, is granted;

2. Plaintiff is awarded attorney's fees under the EAJA in the amount of $5,556.50; and

3. Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2010 WL 2346547 (2010), any payment shall be made payable to plaintiff and delivered to plaintiff's counsel, unless plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that plaintiff does not owe a federal debt, the government shall accept plaintiff's assignment of EAJA fees and pay fees directly to plaintiff's counsel.

DATED: March 21, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE